Boehm v. Brion.     *85 N. J. L.*

WILLIAM J. BOEHM, APPELLANT, v. EDWARD T. BRION ET AL., RESPONDENTS.

Submitted July 7, 1913—Decided November 17, 1913.

The plaintiff having failed to prosecute his suit upon a lien claim, within the statutory period, the trial court rendered judgment against the contractor for the amount due, but gave judgment for the defendant owner upon proof of the plaintiff's failure to prosecute. *Held*, that the fact that the statute (*Comp. Stat.*, *p.* 3304) upon proof of failure to prosecute, provided that the land should thereby be released from the effect of the lien claim, did not operate to render invalid a judgment *in personam* in favor of the owner.

On appeal from the Supreme Court.

For the appellant, *John J. Stamler*.

For the respondents, *McDermott & Enright*.

The opinion of the court was delivered by

MINTURN, J.   The suit was on a lien claim for work and labor performed and material furnished by plaintiff to the defendant, Franklin Hartwell Company, as contractor, in the construction of the house of Edward T. Brion, in West Englewood, amounting to $706.

Upon the trial the testimony adduced showed that on account of the lien claim the defendant had paid $400 for which upon the record he was not credited. The defendant

Brion moved for a nonsuit, and again for a direction in his favor at the close of the case, upon the ground, *inter alia,* of want of prosecution of the lien claim, within the statutory period of limitation, and also upon the ground of willful and fraudulent misstatement in the lien claim of the amount actually due.

It appeared in the case that within the year allowed by statute for the prosecution of the claim the plaintiff attempted to amend his lien, and made application for that purpose to a justice of the Supreme Court, but that the motion was not pressed, and was suffered to remain in abeyance until the trial. The court, hearing the case without a jury, gave judgment for the plaintiff for the sum actually due, according to the testimony, against the contractor, Franklin Hartwell Company, and in favor of the defendant owner, Edward T. Brion.

The ground of the judgment in favor of the owner was that no amendment had been made of the lien claim within the statutory period to correspond with the amount proved to be due.

The plaintiff appeals from this judgment so far as it favors the defendant Brion, upon the ground that the statutory judgment in the owner's favor should have been one discharging the land from the lien claim, and not a personal judgment in his favor. The statute provides that "when such claim shall not be filed in the manner or within the time aforesaid," or "if the bill of particulars shall contain any willful or fraudulent misstatement of the matters above directed to be inserted therein, the building or lands shall be free from all lien for the matters in such claim." *Comp. Stat., p.* 3304.

It will be observed that the direction of the statute is a substantial legislative mandate affecting the *res* or the liability of the land in certain specified exigencies, and contains no direction as to the *status* of the defendant owner in a suit at law whose land is thus discharged. *Ennis* v. *Eden Mills Paper Co.,* 36 *Vroom* 577.

The proceeding against the owner is entirely statutory and is not based upon the theory of any existing contractual relation between him and the claimant. It is difficult to perceive how a judgment in the owner's favor, entirely *in personam,* and depriving the plaintiff of nothing which the statute awards to him, and which has not been entered, but exists, as in this case, only in the form of a rule for judgment, can be said to prejudice the plaintiff or present the basis of an appeal in his behalf.

The only judgment actually entered, according to the record before us, is that in favor of the plaintiff. The direction of a judgment in favor of the owner is not contrary to the language of the statute, which deals only with the effect of the finding of the court, as it affects the *res,* upon the failure of plaintiff to prosecute, and upon the willful and fraudulent misstatement of the claim.

The fact that the owner may plead "no lien" entitles him to a corresponding judgment as a party to the action, with the usual legal concomitant that he go without day, which manifestly would be in nowise harmful or prejudicial to the plaintiff if such a judgment had been entered.

The judgment will be affirmed.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, CONGDON, TERHUNE, HEPPENHEIMER, JJ. 10.

*For reversal*—THE CHIEF JUSTICE, KALISCH, VREDENBURGH, WHITE, JJ. 4.